IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Castaneda,<br><br>Plaintiff,<br><br>v.<br><br>Debras Way Productions LLC, et al.,<br><br>Defendants. | No. CV-26-01124-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Service of Summons and Complaint by United States Marshals Service (Doc. 5).

**I.**

Pursuant to Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or y a person specially appointed by the court." "The Court's authority to order that service be made by the marshals when a plaintiff is neither *in forma pauperis* nor a seaman is discretionary and should be exercised in favor of appointment when a law enforcement presence appears necessary or advisable to keep the peace." *Keegan v. United States*, No. C24-0656-KKE, 2025 WL 904451, at *1 (W.D. Wash. Mar. 25, 2025) (citation modified). "The 1982 Advisory Committee Notes for Rule 4 also provide that a plaintiff should 'first . . . seek service by private means whenever feasible rather than impose the burden on the Marshals Service.'" *Id.* (quoting 93 F.R.D. 255, 262). "The ultimate decision of whether to order service be made by the U.S. Marshal's Service is left to the sound discretion of the

trial court." *Estrada v. Alvarado*, No. CV-25-01287-PHX-DJH, 2025 WL 1157761, at *2 (D. Ariz. Apr. 21, 2025) (citation modified).

## II.

As detailed in Plaintiff's Complaint (Doc. 1) and Motion (Doc. 5), Plaintiff raises claims of assault, battery, defamation, intentional infliction of emotional distress, and labor violations. Those claims are raised against Defendants Salvatore Gravano, Debra Scibetta, and Gerard Gravano, who are related and employed as managers at Defendant Debras Way Productions. (Doc. 5 at 1-2.) The claims are supported by allegations of violence, threats, and firearm possession during and after Plaintiff's employment with Defendants. (Doc. 1.) Plaintiff specifically alleges Defendant Salvatore Gravano threatened to put Plaintiff and her son in danger if she pursued legal action. (Doc. 5 at 2-3.) The private process server Plaintiff's counsel contacted refused to accept the job given the "high-risk nature" of the case. (Doc. 5 at 3.) Because of the dangerous nature of Plaintiff's allegations, including threats to endanger Plaintiff in response to her pursuit of legal action, the Court finds that law enforcement presence is necessary and will authorize service by U.S. Marshal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Service of Summons and Complaint by United States Marshals Service (Doc. 5) is **GRANTED**. The Court directs the following:

(1) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both a summons and request for waiver form for each Defendant.

(2) Plaintiff must complete and return the service packet to the Clerk of Court within **21 days** of the date of filing of this Order. The United States Marshals Service ("USMS") will not provide service of process if Plaintiff fails to comply with this Order.

(3) The USMS must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(4) The USMS must notify each Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The USMS must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the USMS, the USMS must:

   (a) Personally serve copies of the Summons, Complaint, and this Order upon Defendant.

   (b) Within 10 days after personal service is effected, file the returns of service for Defendant along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the USMS for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipts and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

   (5) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the USMS, not the Plaintiff.

Dated this 25th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge