**Womble Bond Dickinson (US) LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ  85004

**Daniel P. Crane (State Bar No. 030623)**
Direct Dial: 602.262.5774
Direct Fax: 602.262.5747
Email: Dan.Crane@wbd-us.com

**Lucas Hickman (State Bar No. 035536)**
Direct Dial: 602.262.5736
Email: Lucas.Hickman@wbd-us.com

**Katie Rios (State Bar No. 037110)**
Direct Dial: 602.262.5316
Email: Katie.Rios@wbd-us.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ANNA CASTANEDA, | Case No. 2:26-cv-01124-MTL |
| Plaintiff, | |
| v. | **PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| DEBRA'S WAY PRODUCTIONS, LLC; SALVATORE GRAVANO, aka SAMMY THE BULL GRAVANO; DEBRA SCIBETTA aka DEBRA GRAVANO; and GERARD GRAVANO, | Honorable Michael T. Liburdi |
| Defendants. | |

Defendants Debra Scibetta, also known as Debra Gravano ("Debra"), Gerard Gravano ("Gerard"), Salvatore Gravano ("Salvatore"), and Debra's Way Productions, LLC ("Debra's Way," together with the other defendants, the "Defendants"), by and through their undersigned counsel, respectfully move this Court for an order dismissing with prejudice all claims asserted against Debra and Gerard in Plaintiff Anna Castaneda's First Amended Complaint (the "FAC," Doc. 15) pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, Salvatore Gravano moves to dismiss Claims Five and Six, and Debra's Way moves to dismiss Claim Five.

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

## I.    INTRODUCTION

Plaintiff Anna Castaneda filed this action asserting claims for assault and battery, defamation, intentional infliction of emotional distress ("IIED"), and various federal and state wage violations against four defendants: Debra's Way, Salvatore Gravano, Debra Gravano, and Gerard Gravano. Setting aside the apparent fascination with Salvatore Gravano, the FAC is strikingly devoid of specific, individualized allegations of wrongful conduct attributable to either Debra or Gerard.

In any event, the claims asserted against the Defendants suffer from multiple fatal pleading deficiencies. The FAC improperly lumps Defendants together without identifying the specific conduct either that Debra or Gerard allegedly engaged in or statements that Salvatore or Gerard allegedly said, in violation of the pleading requirements of the Federal Rules of Civil Procedure. As to Debra, the FAC fails to allege facts sufficient to establish that she qualifies as an "employer" subject to individual liability under the Fair Labor Standards Act ("FLSA"), Arizona Minimum Wage Act ("AMWA"), Arizona Wage Act ("AWA"), Arizona Earned Paid Sick Time Act ("AEPST"), or Arizona Employment Protection Act ("AEPA"). As to Gerard and Salvatore, the FAC fails to plead the elements of defamation with the specificity required under federal and Arizona law. And as to both Debra and Gerard, the FAC fails to plead facts establishing that either engaged in conduct sufficiently "extreme and outrageous" to sustain a claim for IIED under Arizona law.

While the entire FAC is filled with falsehoods and fabrications in an apparent attempt to write a Hollywood story which will fall flat when Plaintiff is under oath, at this stage there is no need to involve members of the Gravano family just because of their last name. As to Debra's Way, the FAC fails to allege facts to support its conclusory allegation that it is not a small business. And the AWA claim fails as a matter of law against Salvatore and Debra because the statute excludes liability against owners, officers and directors. For the reasons set forth in further detail below, each of these claims should be dismissed with prejudice.



201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

## II.     LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

While detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Legal conclusions couched as factual allegations are not entitled to the presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## III.    ARGUMENT

### A.     The FAC Fails to Adequately Plead the Employment Claim Theories.

Claims Four through Eight of the FAC (the "Employment Claims") fail because Plaintiff does not plead facts showing that Debra Gravano personally exercised the operational control necessary to be liable as an "employer" under the FLSA, AMWA, or AEPST; the AWA does not impose individual liability on owners, officers, or directors for an employer's failure to pay wages; and the AEPA claim contains no allegations that Debra knew of, participated in, or caused any alleged retaliatory termination. Plaintiff's alternative alter-ego theory fares no better because the FAC offers only boilerplate ownership and control allegations, without facts showing unity of control or that respecting Debra's Way's separate corporate existence would work an injustice. For each of these reasons, the

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

Employment Claims should be dismissed as to Debra and, where applicable, Salvatore and Debra's Way.

*i.     FLSA standard for alleging an individual is an "employer"*

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit has held that this definition requires a showing that the individual "exercises 'control over the nature and structure of the employment relationship,' or 'economic control' over the relationship . . . ." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (quoting *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999)). Courts apply the "economic reality" test, which considers whether the alleged employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983).

Critically, "substantial ownership interest in a company is not sufficient on its own to be considered an employer under the FLSA." *McGarr v. Repossession Servs. of Ariz. LLC*, 2023 WL 6795082, at *4 (D. Ariz. 2023). Rather, "a defendant is an employer . . . where he has a significant ownership interest coupled with significant operational control." *Id.* The court in *Buenaventura v. Champion Drywall, Inc.* held that, while "an officer or director of a corporation may be an employer, merely being an officer or director does not establish that the individual exercised either the control over the nature and structure of the employment relationship or the economic control over the relationship requisite to liability as an employer." 803 F. Supp. 2d 1215, 1217 (D. Nev. 2011).

In *Buenaventura*, the court dismissed the FLSA claim against individual officer-defendants where the plaintiffs alleged only "that they are officers and directors of [the company], and a generalized allegation that the individual defendants engaged in the alleged acts or omissions either directly or through supervisory agents." *Id.* The court found these allegations "insufficient" because, while it was "possible" that the individuals exercised the

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

requisite control, "such allegations are also consistent with a determination that the individual defendants were not employers." *Id.*

The FAC's allegations against Debra are equally conclusory. The FAC alleges that Debra "is the member-manager of Defendant Debra's Way" as listed on the Arizona Corporation Commission website. (ECF No. 15 ¶ 6.) It further alleges, in boilerplate fashion, that Debra "work[s] closely together" with Salvatore Gravano and, "upon information and belief," that the two "maintain control, oversight, and direction over the operations and employment practices of Debra's Way . . . and were acting directly or indirectly in the interests of Debra's Way in relation to Ms. Castaneda." (*Id.* at ¶ 16.) Additionally, the FAC alleges Debra "had the power to hire, fire, and discipline employees of Debra's Way, and had the authority to set and modify compensation rates for employees, including Plaintiff." (*Id.* at ¶ 17.) Based on these allegations, the FAC alleges in a conclusory contention that Debra was thus an "employer" within the meaning of the FLSA. (*Id.* at ¶ 26.)

But the FAC is devoid of any factual allegations establishing that Debra Gravano personally exercised the operational control required under the *Bonnette* factors. The FAC does not allege that Debra ever exercised her alleged power to hire or fire employees. Nor does the FAC allege that Debra actually supervised or controlled Plaintiff's work schedule or conditions of employment. The FAC does not allege that Debra actually set Plaintiff's rate of pay. And the FAC does not allege that Debra maintained employment records. Indeed, the FAC has *no allegations* of any actions actually taken by Debra as it relates to Plaintiff and her employment. Instead, the FAC alleges that Plaintiff received her job offer from Gerard and that Salvatore Gravano was her direct supervisor and "boss." (*Id.* at ¶¶ 15, 21.)

The only factual allegations connecting Debra to Plaintiff's employment are that she is the member-manager of Debra's Way and that she and Salvatore Gravano allegedly "work closely together" to maintain control over the entity's operations. Under

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

- 5 -

*Buenaventura* and the authorities cited above, mere ownership or managerial status, standing alone, does not render an individual an "employer" under the FLSA.

The FAC's conclusory allegations that Debra "maintained control, oversight, and direction" over Debra's Way are precisely the kind of "labels and conclusions" and "formulaic recitation of the elements" that *Twombly* and *Iqbal* hold insufficient to survive a motion to dismiss. Because the FAC fails to allege facts showing that Debra exercised the requisite operational control to qualify as an "employer" under the FLSA, Claim Four should be dismissed as to her.

> ii. *The AMWA and AEPST standards for an employment relationship are the same as the FLSA.*

The AEPST and AMWA similarly define an "employer" as "any corporation, proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee, but does not include the State of Arizona or the United States." A.R.S. § 23-371(G); A.R.S. § 23-362(B). The AMWA differs in the definition only in that it adds "or a small business" at the end of the statutory definition. *Compare* A.R.S. § 23-371(G) *with* A.R.S. § 23-362(B). Both definitions are substantially similar, as they pertain to this case, to the FLSA definition. 29 U.S.C.A. § 203(d) (defining "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency").

Cases interpreting these definitions confirm that the standard for alleging a defendant is an employer under either the AMWA (or AEPST) is the same standard as under FLSA. *See Tolano v. El Rio Bakery*, CV-18-00125-TUC-RM, 2019 WL 6464748, at *8 (D. Ariz. Dec. 2, 2019); *Alexander v. Golden Margarita LLC*, 819 F.Supp.3d 962, 983 (D. Ariz. Dec. 16, 2025) (finding that the AMWA adopts the FLSA standard citing A.R.S. § 23-362(C)-(D)). Because the FAC is devoid of any well-pled factual allegations that Debra had any actual relationship to Plaintiff's employment other than as owner of Debra's Way,

Plaintiff's claims under AMWA (Claim Five) and AEPST (Claim Seven) against Debra should be dismissed.

Further, as noted above, the AMWA does not apply to small businesses that generate less than $500,000 in revenue. A.R.S. § 23-362; *Smith v. Helton Brewing Co. LLC*, CV-23-01120-PHX-SPL, 2023 WL 5135142, at *3 (D. Ariz. Aug. 10, 2023). Plaintiff attempts to salvage her AMWA claim by making the conclusory assertion that Debra's Way generates more than $500,000 in revenue. (ECF No. 15 ¶ 28.) But the FAC identifies only the individual defendants and vaguely references that Debra's Way had a few other employees besides Plaintiff, and lacks any other details that would corroborate the bald allegation that Debra's Way generates revenue in excess of $500,000. As a result, the failure to provide any well-plead factual allegations as to the revenue of Debra's Way provides at least a without prejudice basis for the dismissal of Claim Five in its entirety.

> iii.    *AWA standard for alleging an employment relationship is narrower.*

Plaintiff's AWA claim is likewise deficient. The AWA defines "the term 'employer' more narrowly than the FLSA or the AMWA." *Alexander*, 819 F.Supp.3d 962, 985. Specifically, the statutory definition in the AWA excludes "individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Rosen v. Fasttrak Foods LLC*, CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021) (citing *Channel v. Home Mortg., Inc.*, 2005 WL 8160525, at *5 (D. Ariz. 2005)). This is because the AWA does not include the same language as set forth in the AMWA, which extends liability to an "individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." *Rosen*, 2021 WL 2981590, at *5 (comparing A.R.S. § 23-362 with A.R.S. § 23-350). So, Claim Six may only be appropriately asserted against Debra's Way, and it should be dismissed as to both Salvatore and Debra Gravano.

> iv.    *Officers are not liable for others' conduct under the AEPA.*

The AEPA differs in that it does not contain its own definition of "employer." Instead, courts have found that supervisors, like officers, may be liable under AEPA for

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

their own tortious conduct. *Higgins v. Assmann Elecs., Inc.*, 217 Ariz. 289, 294, ¶ 13 (App. 2007). In *Higgins*, the court allowed a supervisor to be liable because "the company has invested its supervisor with day-to-day control over the company, including the right to fire, and the supervisor has ***in fact exercised such control to harm another***." *Id.* (emphasis added). But the FAC does not contain any allegations that Debra knew of the alleged reporting of wage issues or that Debra knew of or was involved in the alleged retaliatory firing. Instead, the FAC only notes she reported her concerns to Salvatore; not Debra. (ECF No. 15 ¶¶ 76, 170.) Nor does it allege that Salvatore then told Debra about the alleged wage issue. As a result, Claim Eight should be dismissed as to Debra.

> v.    *Alter ego allegations are insufficient to keep Debra in this case.*

Finally, as an alternative basis, Plaintiff seeks to keep Debra as a defendant in this case through boilerplate allegations that Debra's alter ego is the company that Plaintiff alleges Salvatore runs, Debra's Way. "In alleging alter ego liability under the pleading standard of Rule 8(a), the plaintiff must do more than make conclusory statements regarding an alter ego relationship between individual and corporate defendants; the plaintiff must allege specific facts supporting application of the alter ego doctrine." *Accel Am. Inc. v. Metro Int'l LLC*, CV-13-00557-TUC-JGZ, 2014 WL 11512605, at *3 (D. Ariz. Feb. 12, 2014).

Specifically, "[t]o establish an alter ego theory of liability, Plaintiff must allege: (1) there is unity of control and interest between [the company and the individual] such that one is the 'alter ego' of the other, and (2) observing the corporate form's privileges and protections would be unjust." *Wolf Designs LLC v. Five 18 Designs LLC*, 635 F. Supp. 3d 787, 801–02 (D. Ariz. 2022). In *Wolf Designs*, the court identified that the relevant factors for determining alter ego status are "'payment of salaries and expenses' by the owner, an 'owner's making of interest-free loans to the corporation,' 'commingling of personal and corporate funds,' 'diversion of corporate property' for personal use, and the 'observance of formalities at corporate meetings,' among others." *Id.* (citing *Solie v. Health Care@Home LLC*, No. CV-19-05399-PHX-JJT, 2020 WL 1821257, at *4 (D. Ariz. Apr. 10, 2020)

- 8 -

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

(quoting *Deutsche Credit Corp. v. Case Power & Equip. Co.*, 179 Ariz. 155, 876 P.2d 1190, 1195-96 (Ariz. Ct. App. 1994))). But the FAC contains no allegations that Debra commingled funds with Debra's Way in any respect, that Debra diverted corporate property, or that Debra paid salaries and expenses.

Instead, Plaintiff seeks alter ego liability over Debra based, apparently, solely on the fact that she owns the entity, has authority to operate it, and allegedly failed to make corporate filings or maintain minutes. (ECF No. 15 ¶¶ 16–17, 19–20.) But these allegations are insufficient in that they: (i) improperly ascribe actions to Debra and Salvatore without specification; (ii) fail to allege the formality prong of the alter ego test in that if Salvatore controls Debra's Way, then Debra cannot; and (iii) fail to assert any allegations to support alter ego under the fairness prong. As a matter of law, based upon the FAC, the Court should dismiss the argument that Debra is the alter ego of Debra's way.

### B. The FAC Fails to Plead the Elements of Defamation Against Gerard and Salvatore with Sufficient Specificity.

Claim Two of the FAC asserts a defamation claim against Defendants Salvatore and Gerard. Under Arizona law, to state a claim for defamation, a plaintiff must show that the defendant (1) made a false statement, (2) published it to a third party, and (3) either knew the statement was false, or acted negligently or recklessly in disregard of the truth. *Peagler v. Phx. Newspapers, Inc.*, 114 Ariz. 309, 315, 560 P.2d 1216, 1222 (1977). In order to show a claim for defamation, "a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule or must impeach plaintiff's honesty, integrity, virtue, or reputation." *Dube v. Likins*, 216 Ariz. 406, 417, 167 P.3d 93, 105-06 (Ct. App. 2007).

While defamatory statements need not be set forth verbatim in the complaint, they must be "'specifically identified,' such that the 'defendant may adequately defend itself.'" *Ultimate Creations, Inc. v. McMahon*, No. CV-06-0535-PHX-ROS, 2007 WL 9735048, at *2 (D. Ariz. Feb. 5, 2007) (quoting *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997)). Under the Federal Rules of Civil Procedure, a "plaintiff cannot plead a defamation claim by simply alleging that defamatory or libelous statements

were made." *Stoyanof v. Crocodiles Not Waterlilies, L.L.C.*, No. 11-00384, 2011 WL 13232088, at *5 (D. Ariz. June 23, 2011). As the Ninth Circuit held in *Flowers v. Carville*, a complaint adequately states a claim for defamation when it lists "the precise statements alleged to be false and defamatory, who made them and when." 310 F.3d 1118, 1131 (9th Cir. 2002).

The FAC's defamation allegations fall short of these standards. The FAC alleges that "[i]n or about March or April 2025, Defendants Salvatore Gravano and Gerard Gravano intentionally or negligently made a false oral statement to at least three other employees of Debra's Way, that Plaintiff is a 'hooker,' and that she 'extorts men for money.'" (ECF No. 15 ¶ 119.) While the FAC identifies the substance of the statements, it fatally fails to differentiate between the two defendants' respective roles in making those statements.

The FAC does not allege which specific statement or statements Gerard (or Salvatore) made. Did Gerard (or Salvatore) call Plaintiff a "hooker"? Did he (or Salvatore) state that she "extorts men for money"? Did he make both statements? Did Salvatore make both statements? Was either statement made in the form of an opinion? The FAC does not say. Nor does the FAC allege when Gerard (or Salvatore) made any statement—it provides only the vague timeframe of "in or about March or April 2025." *Id.* The FAC also fails to allege where the statement was made and to whom, specifically, Gerard (or Salvatore) made any statement, identifying only "at least three other employees of Debra's Way" without further particularization. *Id.*

This lumping of two defendants together in alleging defamation is precisely the kind of pleading deficiency courts in this District have condemned. In *Arimilli v. Rezendes*, the court dismissed a defamation claim where the plaintiff alleged that the defendant made "false slanderous statements to staff, associates, contractors, and investors" but failed to "specify when or how these alleged defamatory statements were made" and lacked "specifics as to the content of the statements at issue." 2022 WL 1664278, at *6 (D. Ariz. May 24, 2022). The court held the claim was "insufficiently specific" and dismissed it pursuant to Rule 12(b)(6).

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

Similarly, in *Hedges Industrial Enterprises, Inc. v. Rio Tinto PLC*, the court dismissed a defamation claim where the plaintiff had "done nothing more than plead conclusory allegations of law that are insufficient to raise a right to relief above the speculative level." 2010 WL 2681862, at *6 (D. Ariz. July 1, 2010). In that case, the court found that various alleged statements failed to meet pleading requirements because, among other things, it was "unclear ... whether these emails were published to some third party" and because certain statements appeared to be "little more than an opinion, for which a claim for defamation does not lie."

The FAC suffers from the same deficiencies. By collectively attributing the alleged defamatory statements to both "Defendants Salvatore Gravano and Gerard Gravano" without specifying what Gerard individually said, to whom, and precisely when, the FAC fails to provide Gerard and Salvatore with the "fair notice" required to "adequately defend himself." The FAC's bare recitation of the legal standard, without supporting factual allegations, is insufficient under *Iqbal* and *Twombly*.

Claim Two should accordingly be dismissed as to Salvatore and Gerard.

### C. The Intentional Infliction of Emotional Distress Claim Improperly "Group Pleads" and Fails to Plead the Elements as to Debra or Gerard.

As an initial matter, the IIED claim against Debra and Gerard fails at the threshold because it violates the most basic requirement of notice pleading: that a plaintiff must give each defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Throughout the IIED claim, Plaintiff deploys the collective term "Defendants" to attribute wrongful conduct to Debra and Gerard without specifying what either of them actually did, said, or failed to do. The FAC lacks any allegation that Debra or Gerard did anything to cause emotional distress to Plaintiff. This improper pleading style makes the IIED claim defective.

This court consistently rejects this form of improper "group pleading." In *Barba v. Seung Heun Lee*, the court confronted a complaint that, like the FAC here, alleged claims of IIED, FLSA violations, and other torts against multiple individual and corporate

defendants without differentiating among them. CV 09-1115-PHX-SRB, 2009 WL 8747368, at *12, *15 (D. Ariz. Nov. 4, 2009). The court held that the complaint was fatally deficient because the plaintiffs "fail[ed] to offer anywhere in the FAC details regarding what any individual Defendant did, let alone where or when." *Id.* at *12. Instead, the plaintiffs provided only "a summary of each Plaintiff's involvement with unspecified Defendants over a period of years" and then alleged "that one or more Defendants, without specifying which Defendants, committed any number of acts against each Plaintiff." *Id.* The court concluded that "[t]he leap is too great" and that "[t]he FAC fails to provide fair notice to individual Defendants of the Plaintiffs' common law claims and thus fails to meet the requirements of Rule 8." *Id.*

The same analysis applies here. The IIED claim alleges that "Defendants'" actions, including but not limited to the conduct described above in paragraphs 31-32, 56-74, 77-84, 88-90, 93-97, and 99-100, were extreme and outrageous." Not one of those paragraphs relates to Debra. And virtually all of those paragraphs relate to alleged conduct by other defendants; specifically, only three mention Gerard or otherwise refer to him. (ECF No. 15 ¶¶ 81-82, 93.) In short: the FAC does not identify any specific act by Debra that contributed to the alleged IIED, nor does it identify any specific act by Gerard that rises to the level of extreme and outrageous conduct as a matter of law.

By referring generically to "Defendants" and incorporating by reference dozens of paragraphs that detail conduct by others, the FAC expects this Court and Debra and Gerard "to make the leap from these bare, generalized facts to allegations against specific Defendants." *Barba*, 2009 WL 8747368, at *12. This falls short of the requirements of Rule 8: the FAC must, at a minimum, allege facts showing what each defendant did to contribute to the claimed injury. *See Twombly*, 550 U.S. at 555. The FAC fails to do so as to either Debra or Gerard, and the claims against them could be dismissed on this basis alone.

In addition, Plaintiff has failed to plead the elements for an IIED claim. Under Arizona law, a plaintiff asserting an IIED claim must allege three elements: "(1) the conduct by the defendant must be 'extreme' and 'outrageous'; (2) the defendant must either intend

- 12 -



WOMBLE BOND DICKINSON

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and (3) severe emotional distress must indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987).

Conduct is "extreme and outrageous" only when it goes "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ford*, 734 P.2d at 585 (quoting Restatement (Second) of Torts § 46 cmt. d). The "conduct necessary to sustain an intentional infliction claim falls at the very extreme edge of the spectrum of possible conduct." *Watts v. Golden Age Nursing Home*, 127 Ariz. 255, 258, 619 P.2d 1032, 1035 (1980). It is the duty of the Court to determine whether "the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Id.*

The FAC's IIED claim incorporates by reference the conduct described in paragraphs 31-32, 56-74, 77-84, 88-90, 93-97, and 99-100 in an apparent attempt to just incorporate a host of allegations in hopes that Defendants and this Court will not evaluate the internal citations. But a careful review of these paragraphs reveals that virtually all of the alleged conduct is attributable solely to Defendant Salvatore Gravano.

**As to Debra**, the FAC does not identify a single specific act of extreme and outrageous conduct that she personally committed against Plaintiff. And, in fact, the allegations referenced by Plaintiff—namely paragraphs 31-32, 56-74, 77-84, 88-90, 93-97, and 99-100—do not even mention Debra. The FAC does not allege that Debra threatened Plaintiff, assaulted her, sexually harassed her, made death threats, or engaged in any conduct directed at Plaintiff at all. The only references to Debra in the incorporated paragraphs are indirectly in her capacity as a business principal of Debra's Way—not as an individual actor engaging in outrageous behavior toward Plaintiff. The FAC simply sweeps Debra into the IIED claim through the use of the collective term "all Defendants" without providing any factual basis for doing so. Being an ex-wife of Salvatore is simply insufficient to cause intentional emotional distress to an employee who remained employed for nearly three years before being fired.

- 13 -

**As to Gerard Gravano**, the FAC fares no better. The only paragraphs within the incorporated range that reference Gerard Gravano are paragraphs 81-82 and 93. Paragraphs 81-82 describe an allegedly "violent altercation between Salvatore Gravano and his son, Gerard Gravano," during which Salvatore Gravano allegedly strangled Gerard. In this incident, Gerard was the alleged *victim* of Salvatore's alleged violence, not a perpetrator of extreme and outrageous conduct against Plaintiff. Paragraph 93 alleges that Salvatore and Gerard made the allegedly defamatory statements discussed above. Even assuming these defamatory statements could be attributed to Gerard—an assumption that, as argued above, is not supported by the FAC—false statements about a third party do not, without more, constitute the kind of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Ford*, 734 P.2d at 585.

In *Recovery Housing Academy LLC v. Candelario*, this Court held that false statements by a defendant—including statements that were found to be defamatory—"cannot be characterized as extreme and outrageous" for purposes of an IIED claim. 562 F. Supp. 3d 333, 342 (D. Ariz. 2022). The court found that the plaintiff had "not shown a likelihood of success on the merits" of its IIED claim even where the defendant knowingly made false statements to third parties. Similarly, in *Loos v. Lowe's HIW, Inc.*, this Court held that allegations of inappropriate sexual talk, gestures, and attempts to involve the plaintiff in sexual conversations—conduct far more outrageous than anything alleged against Gerard Gravano—did "not rise to the level of extreme and outrageous" as a matter of law. 796 F. Supp. 2d 1013, 1023-24 (D. Ariz. 2011).

Arizona courts have consistently emphasized that "[i]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554, 905 P.2d 559, 563 (Ct. App. 1995). The FAC fails to allege any conduct by either Debra or Gerard that clears this high bar.

- 14 -

For these reasons, Claim Three should be dismissed as to both Debra Gravano and Gerard Gravano.

## IV.    CONCLUSION

The FAC asks this Court to hold Debra and Gerard Gravano answerable for conduct the FAC never actually attributes to them. Group pleading cannot substitute for the particularized factual allegations Rule 8 demands, and the FAC's reliance on conclusory labels—of "employer" status as to Debra, of defamation as to Gerard and Salvatore, and of "extreme and outrageous" conduct as to Debra and Gerard—cannot carry Plaintiff past the pleading stage. Stripped of generalities and shared surnames, the FAC offers no factual basis on which Debra can be held individually liable under the FLSA, AWMA, AEPST, AWA, the AEPA or Arizona's tort of intentional inflection of emotional distress. The same applies to Gerard with respect to Arizona's defamation law or tort of intentional infliction of emotional distress.  Nor can liability be held against Salvatore and Debra under the AWA claim, as it excludes individual liability against owners, officers and directors. And the AMWA claim fails as a matter of law against Debra's Way because the FAC fails to include any supporting factual allegations to corroborate Plaintiff's conclusory assertion that Debra's Way is not a small business.

Accordingly, the Defendants respectfully request that the Court enter an order dismissing with prejudice all claims asserted against Debra Gravano and Gerard Gravano in Plaintiff's Complaint—including Claim Two (Defamation) as to Gerard, Claim Three (Intentional Infliction of Emotional Distress) as to both, and Claims Four through Eight (FLSA and Arizona wage and employment claims) as to Debra. The Defendants further request the Court dismiss Claim Five (AMWA) in its entirety and Claims Two (Defamation) and Six (AWA) as to Salvatore. The Defendants further request an award of their reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01, as this dispute arises out of Plaintiff's employment contract, together with such other and further relief as the Court deems just and proper.

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

## <u>NOTICE OF CERTIFICATION OF CONFERRAL</u>

Pursuant to LRCiv 12.1(c), before filing this motion, on June 16, 2026, Defendants' counsel met and conferred with Plaintiff's counsel of the issues asserted in the motion, but the parties were unable to agree that the operative pleading was curable in any part by a permissible amendment offered by the pleading party.

DATED this 17th day of June, 2026.

WOMBLE BOND DICKINSON (US) LLP

By: /s/ *Daniel P. Crane*
　　　Daniel P. Crane
　　　Lucas Hickman
　　　Katie Rios

*Attorneys for Defendants*

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON